UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07641-CAS-(CWx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | SIDNEY HUDDLESTON ET AL. V. ARGENT MORTGAGE COMPANY LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

**I.   INTRODUCTION**

On October 16, 2013, plaintiffs Sidney Huddleston and Tina Cole filed this complaint against defendants Argent Mortgage Company, LLC, Wells Fargo Bank, N.A., Ameriquest Mortgage Company, Park Place Securities, Inc., JP Morgan Chase Bank, N.A., Mortgage Electronic Registration System, NBG Properties, LLC, and Does 1 through 100, inclusive.  Plaintiffs assert a single claim for quiet title.

After reviewing plaintiffs' complaint, it appears that this Court does not have jurisdiction over this action.  First, the Court concludes that it does not have subject matter jurisdiction over plaintiffs' claims on the basis of diversity.  "Section 1332 of Title 28 confers jurisdiction on federal courts where there is diversity of citizenship between plaintiffs and defendants.  Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) (citations omitted).

Here, plaintiffs are California citizens, and the complaint names Wells Fargo Bank, NA as a defendant.  As this Court has found before, a national bank is a citizen of both the state where it has its main office, as designated by its articles of association, and the state where it has its principal place of business.  See Ochoco v. Wells Fargo Bank, N.A., No. CV 12-6196, (C.D. Cal. Aug. 16, 2012) (citing Rouse v. Wachovia Mortg., FSB, No. EDCV 11-0928, 2012 WL 174206, at *14 (C.D. Cal. 2012)).  Absent further guidance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07641-CAS-(CWx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | SIDNEY HUDDLESTON ET AL. V. ARGENT MORTGAGE COMPANY LLC ET AL. | | |

from the Ninth Circuit, the Court is disinclined to revisit this conclusion here. Therefore, because the Court finds that Wells Fargo's principal place of business is in California and plaintiffs are California citizens, the Court cannot exercise jurisdiction on the basis of diversity of citizenship.[1]

Moreover, because plaintiffs' complaint asserts only a state law claim for quiet title, it does not appear that the Court may exercise jurisdiction over this case on the basis of a federal question. Accordingly, there does not appear to be a basis for the exercise of this Court's subject matter jurisdiction.

In accordance with the foregoing, plaintiffs are hereby ORDERED to show cause no later than November 18, 2013 why this case should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] The complaint does not specify the citizenship of the other defendants. Accordingly, the Court is unable to determine whether the plaintiffs are citizens of a different state than the non-Wells Fargo defendants. See, e.g., Majestic Ins. Co. v. Allianz Int'l Ins. Co., 133 F. Supp. 2d 1218, 1223 (N.D. Cal. 2001) ("Plaintiff bears the burden of establishing complete diversity.").