UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07641-CAS(CWx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | SIDNEY HUDDLESTON ET AL. V. ARGENT MORTGAGE COMPANY LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) DEFENDANT NBG'S MOTION TO DECLARE SIDNEY HUDDLESTON A VEXATIOUS LITIGANT (dkt. 13, filed November 22, 2013).

(In Chambers:) ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE

## I.   INTRODUCTION

On October 16, 2013, plaintiffs Sidney Huddleston and Tina Cole, proceeding pro se, filed this action against defendants Argent Mortgage Company, LLC, Wells Fargo Bank, N.A., Ameriquest Mortgage Company, Park Place Securities, Inc., JP Morgan Chase Bank, N.A., Mortgage Electronic Registration System, NBG Properties, LLC ("NBG"), and Does 1 through 100, inclusive. Plaintiffs assert a single claim for quiet title. On October 23, 2013, the Court issued an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs failed to respond. On November 20, 2013, the Court dismissed this action for lack of subject matter jurisdiction.

On November 22, 2013, defendant NBG filed a motion to declare plaintiff Sidney Huddleston a vexatious litigant. Pursuant to L.R. 83-8, "[i]t is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation." Here, NBG represents that this lawsuit is the latest episode in a series of frivolous litigation strategies that Huddleston has employed to delay being evicted from a property owned by NBG. According to NBG, Huddleston has, in addition to filing this lawsuit:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07641-CAS(CWx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | SIDNEY HUDDLESTON ET AL. V. ARGENT MORTGAGE COMPANY LLC ET AL. | | |

- repeatedly removed NBG's related state court unlawful detainer action, see RJN Ex. C, D, E, F (Docket sheets for Central District of California cases 2:13-cv-2817-FMO-VBK, 2:13-cv-04080-JFW-AGR, 2:13-cv-6341-FMO-E, and 2:13-cv-07653-BRO-MAN);

- filed multiple frivolous notices of a bankruptcy stay in the unlawful detainer action, see RJN Ex. B (entries of April 22, 2013, June 7, 2013, and October 17, 2013); and

- caused third parties to file false claims of right of possession in the unlawful detainer action, see RJN Ex. B (entries of July 12, 2013 and October 25, 2013).

NBG asks the Court to declare Huddleston a vexatious litigant and enter an order barring Huddleston from filing any further federal actions or documents against NBG without seeking prefiling authorization from this Court. Huddleston has not filed an opposition.

After reviewing NBG's motion, the Court declines to enter such an order at this time. First, the Ninth Circuit has expressly "recognize[d] that such pre-filing orders should rarely be filed." De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990); see also Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980) ("The use of such measures against a pro se plaintiff should be approached with particular caution."), cert. denied, 449 U.S. 829 (1980). Second, much of Huddleston's alleged litigation misconduct occurred in the related state court unlawful detainer action, rather than the case presently before the Court. Accordingly, NBG's motion is hereby DENIED.

On its own motion, however, the Court finds that other sanctions may nonetheless be appropriate in this case. See Orange Prod. Credit Ass'n v. Frontline Ventures Ltd., 792 F.2d 797, 801 (9th Cir. 1986) ("The fact that the district court lacked jurisdiction to consider the merits of the case did not preclude it from imposing sanctions."). When Huddleston signed the complaint in this matter, he was required to certify that the complaint was "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b); see Compl. 22 (signature of Huddleston).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07641-CAS(CWx) | Date | January 13, 2014 |
|---|---|---|---|
| Title | SIDNEY HUDDLESTON ET AL. V. ARGENT MORTGAGE COMPANY LLC ET AL. | | |

As relevant here, the complaint stated that "[t]his court has subject-matter jurisdiction," Compl. ¶ 105. As discussed in this Court's previous order dismissing this action, this Court does not have subject matter jurisdiction. Furthermore, after reviewing the orders issued by the other courts in this district repeatedly remanding the related unlawful detainer action, this Court concludes that Huddleston was on notice that the federal courts in the Central District of California lacked subject matter jurisdiction over this eviction dispute.[1] See NBG Properties, LLC v. Huddleston, et al., 2:13-cv-2817-FMO-VBK, dkt. 6, at 2 ("Here, the court's review of the Notice of Removal and the attached Complaint make it clear that this court has neither federal question nor diversity jurisdiction over the instant matter."); NBG Properties, LLC v. Huddleston, et al., 2:13-cv-04080-JFW-AGR, dkt. 6, at 2 ("[T]his Court lacks subject matter jurisdiction over this action."); NBG Properties, LLC v. Huddleston, et al., 2:13-cv-6341-FMO-E, dkt. 8, at 1 ("On August 29, 2013, Huddleston filed another Notice of Removal, attempting to remove the identical action that was remanded on May 28, 2013. Accordingly, the court will remand this improperly removed action for the reasons set forth in the Court's Order of May 28, 2013." (citations omitted)).

Even in light of this Court's obligation to liberally construe the pleadings of pro se litigants, see Hughes v. Rowe, 449 U.S. 5, 9 (1980), it appears that Huddleston may have violated Rule 11 by certifying that this Court had subject matter jurisdiction over this case. Accordingly, the Court hereby ORDERS Huddleston to SHOW CAUSE on or before **February 17, 2014** why he should not be sanctioned for failing to comply with the requirements of Rule 11.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] Huddleston's co-plaintiff Tina Cole was not a party to these improper removals. As such, the Court finds that sanctions are not warranted against Cole even though she also signed the complaint in this action.