UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07641-CAS(CWx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | SIDNEY HUDDLESTON ET AL. V. ARGENT MORTGAGE COMPANY LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (**In Chambers:**) ORDER RE: ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE

On October 16, 2013, plaintiffs Sidney Huddleston and Tina Cole, proceeding pro se, filed this action against defendants Argent Mortgage Company, LLC, Wells Fargo Bank, N.A., Ameriquest Mortgage Company, Park Place Securities, Inc., JP Morgan Chase Bank, N.A., Mortgage Electronic Registration System, NBG Properties, LLC ("NBG"), and Does 1 through 100, inclusive. Plaintiffs assert a single claim for quiet title. On October 23, 2013, the Court issued an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs failed to respond. On November 20, 2013, the Court dismissed this action for lack of subject matter jurisdiction.

On January 13, 2014, the Court ordered plaintiff Sidney Huddleston to show cause on or before February 17, 2014, why he should not be sanctioned for violating Federal Rule of Civil Procedure 11. In particular, Huddleston signed and filed a complaint stating that "[t]his court has subject-matter jurisdiction," Compl. ¶ 105. However, as discussed in this Court's previous order dismissing this action, this Court does not have subject matter jurisdiction. Dkt. 12. Furthermore, a review of the orders issued by the other courts in this district repeatedly remanding related unlawful detainer actions shows that Huddleston was on notice that the federal courts in the Central District of California lacked subject matter jurisdiction over this eviction dispute. See NBG Properties, LLC v. Huddleston, et al., 2:13-cv-2817-FMO-VBK, dkt. 6, at 2 ("Here, the court's review of the Notice of Removal and the attached Complaint make it clear that this court has neither federal question nor diversity jurisdiction over the instant matter."); NBG Properties, LLC v. Huddleston, et al., 2:13-cv-04080-JFW-AGR, dkt. 6, at 2 ("[T]his Court lacks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07641-CAS(CWx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | SIDNEY HUDDLESTON ET AL. V. ARGENT MORTGAGE COMPANY LLC ET AL. | | |

subject matter jurisdiction over this action."); NBG Properties, LLC v. Huddleston, et al., 2:13-cv-6341-FMO-E, dkt. 8, at 1 ("On August 29, 2013, Huddleston filed another Notice of Removal, attempting to remove the identical action that was remanded on May 28, 2013.  Accordingly, the court will remand this improperly removed action for the reasons set forth in the Court's Order of May 28, 2013." (citations omitted)).

As of February 21, 2014, plaintiff has failed to respond to the Court's order to show cause.  Accordingly, the Court finds that sanctions for violation of Rule 11 are warranted, and therefore sanctions plaintiff Sidney Huddleston in the amount of **five hundred dollars ($500.00).**  See Local Rule 7-12 (failure to respond deemed consent); United States v. Thompson, 2003 WL 23112782, at *4 (E.D. Cal. Nov. 18, 2003) ("While this court is reluctant to impose monetary sanctions on a *pro se* litigant, the court believes that this sanction is necessary to deter [the litigant] from filing such thoroughly meritless pleadings and also to deter others from emulating litigation tactics which serve only to waste precious public resources.").  Plaintiff Huddleston shall pay these sanctions to the Clerk of this Court on or before **March 24, 2014.**

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

cc:     Fiscal